534 A.2d 686

Timothy J. ZERHUSEN

v.

Kimberly Ann ZERHUSEN.

Misc. No. 91, Sept. Term, 1987.

Court of Special Appeals of Maryland.

Jan. 5, 1988.

Damon A. Trazzi, Timonium, for appellant.

Steven I. Kroll, Towson, for appellee.

Submitted before GILBERT, C.J., and BLOOM and KARWACKI, JJ.

GILBERT, Chief Judge.

This appeal represents the first occasion this Court has had to discuss the temporary ex parte orders that are issued by circuit and district courts in cases involving household violence.

The factual pattern from which this matter arose is not complex. Timothy J. Zerhusen on June 16, 1987, sued his wife, Kimberly Ann Zerhusen, in the Circuit Court for Baltimore City, asserting that the wife had committed the marital offense of adultery. The husband asked for an absolute divorce, custody of the couple's child, and use and possession of the marital home, as well as child support. The wife responded timely. Notwithstanding the pending divorce action, the parties continued to reside in the same house. The case proceeded in normal fashion, that is, exchange of interrogatories, motions for custody investigation, and the like. What was not so normal was the continued joint occupancy of the marital residence.

Almost six months after the divorce action was filed, the wife on December 3, 1987, under oath,[1] petitioned the circuit court for "Protection from Domestic Violence." She asserted to the court that on December 1, 1987:

"Respondent [Timothy J. Zerhusen] starting arguing about the phone. Pet. had phone was going to her own bed room and his starting pushing her around and graving her arn and pushing her in the Back. He takes Pet. personal item from her."

On the strength of that ex parte petition, the chancellor ordered the husband from the marital residence until December 18, 1987, and awarded to the wife temporary custody of the minor child.

The husband promptly moved to "quash the ... petition," observing that the court's order violated Md.Fam.Law Code Ann. § 4–505, which provides:

"(a) ...—(1) If a petition is filed under this subtitle and the court finds that the petitioner has shown that a household member has been abused, the court, in an ex parte proceeding, may enter a temporary order to protect the petitioner or another household member from abuse.

(2) The temporary ex parte order shall order the alleged abuser to refrain from abusing household members and may:

(i) except in a case of alleged child abuse, order the alleged abuser to vacate the family home immediately and grant temporary possession of the family home to the petitioner *for not more than 5 days* after service of the ex parte order;

(ii) in a case of alleged child abuse, order the alleged abuser to vacate the family home immediately and grant temporary possession of the family home to an adult

---

**1.** The petition, a printed form, bears the following concluding paragraph: "I do solemnly declare and affirm, under the penalties of perjury, that the matters stated in the above petition are true and correct."

household member for not more than 5 days after service of the ex parte order;

(iii) award temporary custody of a minor household member;

(iv) direct any or all of the household members to participate in a professionally supervised counseling program; and

(v) order any other relief as necessary." (Emphasis supplied.)

When the chancellor refused to quash the order of December 3, 1987, the husband appealed to this Court, Md. Cts. & Jud.Proc.Code Ann. § 12–303,[2] and simultaneously requested that we stay the trial court's order. Under date of December 7, 1987, we stayed that order, "subject to further order of this Court." We now abjudicate the trial court's order of December 3, 1987, and we explain our reasons.

The statute specifically confers upon a court the power, on an ex parte petition, to order an alleged abuser from the marital residence for a period of *five days,* not for any other period in excess of five days. Certainly the statute does not sanction a period of fifteen days as was done in the instant case.

Furthermore, the statute commands that a "protective order hearing shall be held no later than 5 days after the temporary ex parte order is served on the alleged abuser." Thus, it is apparent that the Legislature desired a minimal interruption of the family unit and, as a result, severely limited the time frame during which the alleged abuser could be ousted from the marital home, absent a hearing on the merits.

We infer that the Legislature was well aware of the difficulty trial courts face in scheduling hearings within the time prescribed by the statute. The General Assembly, nevertheless, obviously believed that the difficulty confront-

---

**2.** Cts. art., § 12–303(a) and (c)(11).

ing the courts is secondary when compared with the prolonged disruption of the family unit.

We read Family Law Article, § 4–505 as mandating that courts are without authority to enter ex parte protective orders for more than five days after service of a copy of the petition upon the alleged abuser. Any order by a court that endeavors to extend that five day period permitted by § 4–505 is a nullity.

Because the circuit court exceeded its authority when it ordered the appellant from the marital home for a period of ten days more than the statute allowed, we vacate that order.

ORDER VACATED.

COSTS TO BE PAID BY APPELLEE.

MANDATE TO ISSUE FORTHWITH.